ETHAN R. PRATT, Respondent, *v.* DEMAS STRONG, Appellant.

The refusal by the court to permit a witness to answer a question propounded to him is not error, unless it appear that the answer might be material to the question at issue.

It is not sufficient that the appellant's counsel is able to state a case in the argument on the appeal in which the question might be deemed material — he should have done that at circuit, that the judge there might have seen its materiality.

APPEAL from the judgment of the Supreme Court at General Term upon denying a motion for a new trial on a case and exceptions taken by the defendant at the circuit. The facts are stated in the opinion of the court.

*Philip S. Crooke*, for the appellant.

*C. M. Briggs*, for the respondent.

MORGAN, J.   The plaintiff's complaint claimed to recover the sum of $2,000 and interest thereon from the 1st of January, 1853, collected by the defendant upon a demand against certain parties in California for the account of the plaintiff which he had neglected and refused to pay over to the plaintiff, although requested to do so.   Both parties were sworn upon the trial, and gave contradictory evidence, the defendant claiming that he had an accounting with the plaintiff, in which the claim in suit was settled, and also that he had never, in fact, received the money.   The plaintiff gave evidence tending to show that the defendant had received the money, and had sought to conceal the fact from him; and also, that the demand belonged to him, and not the defendant.   It is unnecessary to give a statement of the evidence in detail, for it was a fact for the jury to determine whether the plaintiff owned the demand and whether the defendant had received any money on account of the plaintiff, which he had neglected to pay over.   The jury found that the defendant had collected, on account of the plaintiff, $920, for which amount they rendered a verdict for the plaintiff with interest

from the time of the collection. The evidence is quite satisfactory to support the verdict.

But two exceptions were taken on the trial, one of which is not noticed in the appellant's points, and will not be noticed here. The other exception is to the refusal of the judge to allow the defendant to answer the following question, viz., ".Why did you not receive the money?" (meaning the $920, which it appears Judge Aldrich had transmitted to the defendant from California, and which was a part of the demand for which this action was brought). It would have been well enough, I think, to have allowed the question to be answered, although it appears from the case that the defendant had already made an explanation and had given evidence tending to show that the money had never been sent to him; but which evidence was contradicted by other testimony and disbelieved by the jury. It is impossible to say that the question was in any way material to the defense, without its being made more pointed and definite. We do not speculate upon a general exception of this character, to see if something material might not have grown out of the answer. It is not enough that the appellant's counsel is able to state a case on the argument in which the question might be deemed material. He should do that at the circuit, so that the judge can see its materiality.

The judgment should be affirmed, with ten per cent damages.

All the judges concurring,

Judgment accordingly.